IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21005
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICARDO ZUNIGA-RUIZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-492-1
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:*

    Ricardo Zuniga-Ruiz (Zuniga) appeals the 21-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326.  He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(1) was an element of the offense that should have been charged in the indictment.

    Zuniga acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Zuniga's argument is foreclosed.

Zuniga also contends that the indictment is fatally defective, as a matter of constitutional law, for failing to allege general intent.  This contention lacks merit.  <u>See</u> <u>United States v. Berrios-Centeno</u>, 250 F.3d 294, 298-300 (5th Cir. 2001).  The judgment of the district court is AFFIRMED.